UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JUAN C. RODRIGUEZ,                 )
         Plaintiff,                )
                                   )
    v.                             )   C.A. No. 16-203 S
                                   )
INVESTIGATOR CABRAL, et al.,       )
         Defendants.               )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is a civil rights Complaint (ECF No. 1) filed by Plaintiff Juan C. Rodriguez, pro se, an inmate at the Adult Correctional Institutions ("ACI"), Cranston, Rhode Island, pursuant to 42 U.S.C. § 1983.  Rodriguez has also filed an Application to Proceed without Prepayment of Fees and Affidavit (ECF No. 2) ("Application").

The Court is required to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Having done so, the Court finds, on initial review, that the Complaint states a claim on which relief may be granted.

I.  Complaint

   A.  Law

   In connection with proceedings in forma pauperis, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action: "(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Similarly, § 1915A directs courts to screen complaints filed by prisoners against a governmental entity, officer, or employee of such entity and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2)(B). 28 U.S.C. § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion." Chase v. Chafee, No. CA 11-586 ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011) (citing Pelumi v. Landry, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008)). The Court must review pleadings of a pro se plaintiff liberally, accepting his well-pled allegations as true, and construing them in the light most favorable to him. Id., (citing Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009); Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the Court need not credit bald assertions, unverifiable conclusions or irrational factual allegations." Id. (citing Iqbal, 556 U.S. at 678). To state a claim on which relief may be granted, the complaint must "contain sufficient factual matter,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Iqbal, 566 U.S. at 678).

B.  Discussion

Rodriguez alleges that a number of ACI officers and officials have violated his rights under the Eighth and Fourteenth Amendments, and a permanent federal injunction. (Compl. ¶¶ 47-50.)  He names as Defendants Investigator Cabral, Lieutenant Burt, Deputy Warden Aceto, Lieutenant Amaral, Warden Matthew Kettle, and Director of the R.I. Department of Corrections Ashbel T. Wall II.  (Id. ¶¶ 4-9.)  All are sued in their individual and official capacities.  (Id.)  Rodriguez seeks declaratory and injunctive relief, compensatory and punitive damages, and costs.  (Id. ¶¶ 53-60.)

In brief, Rodriguez alleges that: false charges were filed against him for retaliatory reasons; guilty findings were not supported by evidence; alleged evidence against him was not disclosed; disciplinary hearings were not held before an impartial fact-finder; and guilty findings and sanctions imposed were upheld, all in violation of his Fourteenth Amendment right to due process.  (Compl. ¶ 47.) Rodriguez further alleges that the excessive confinement

3

(169 days) in segregation imposed, as well as the corresponding loss of privileges, constituted cruel and unusual punishment in violation of the Eighth Amendment and also violated a permanent federal injunction. (Id. ¶¶ 48-49.) Finally, he claims that Defendants acted with deliberate indifference, again in violation of the Eighth Amendment, by acting negligently and maliciously "in the filing, for retaliatory purposes, finding of guilt, and upholding of false charges." (Id. ¶ 50.)

The Complaint contains sufficient detail in support of Rodriguez's allegations, (id. ¶¶ 11-45), accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Bell Atl., 550 U.S. at 570). The Court therefore concludes that the Complaint survives initial scrutiny under §§ 1915(e)(2) and 1915A.

II. Application

As noted above, Rodriguez has also filed an Application to proceed in forma pauperis. He filed the affidavit required by 28 U.S.C. § 1915(a)(1); however, Rodriguez has not submitted a copy of his inmate account statement, certified by an appropriate official at the ACI, as directed by

§ 1915(a)(2).[1]  Accordingly, Rodriguez is ordered to file a certified copy of his account statement on or before June 24, 2016.  If he fails to do so, his Application will be denied.[2]

III. Conclusion

Based on the foregoing, the Court finds that the instant Complaint survives preliminary screening under §§ 1915(e) and

---

[1] Section 1915(a)(2)  provides that:

> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).  The prison official must certify that the statement, showing all receipts, expenditures, and balances during the specified 6-month period, is accurate and sign the statement.  (Application 3, ECF No. 2.)

[2] The Court notes that, even if his Application is granted, Rodriguez is still required to pay the statutory filing fee of $350 for this action.  Pursuant to the Prison Litigation Reform Act of 1995, adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), a prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of 20% of the average monthly deposits to his account or the average monthly balance for the 6 months prior to the filing of his Complaint.  Subsequently, a prisoner must pay monthly 20% of the previous month's balance in his account each time the amount in the account exceeds $10.  28 U.S.C. § 1915(b)(2).

1915A and may proceed. Rodriguez, however, is ordered to submit a certified copy of his inmate account statement on or before June 24, 2016, or his Application will be denied.

IT IS SO ORDERED.

/s/ WEsmith
William E. Smith
Chief Judge
Date: May 26, 2016