UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
JUAN RODRIGUEZ,                     )
                                    )
        Plaintiff,                  )   C.A. No. 16-203 WES
                                    )
    v.                              )
                                    )
                                    )
INVESTIGATOR CABRAL, et al.,        )
                                    )
                                    )
        Defendants.                 )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") (ECF No. 39) in this case, recommending the Court grant Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 29).

After careful review of the papers related to Defendants' Motion, and of the R&R, and having heard no objections, the Court ACCEPTS the R&R and adopts its recommendation and reasoning. Defendants' Motion to Dismiss (ECF No. 29) is therefore GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: March 23, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JUAN RODRIGUEZ          :
                        :
v.                      :     C.A. No. 16-0203-WES
                        :
INVESTIGATOR CABRAL, et al.  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court pursuant to (28 U.S.C. § 636(b)(1)(B)) is Defendants' Motion to Dismiss the First Amended Complaint. (ECF Doc. No. 29). Pro se Plaintiff Juan Rodriguez, a prisoner at the Adult Correctional Institutions ("ACI"), has brought claims pursuant to 42 U.S.C. § 1983 against Defendants Ashbel T. Wall, Matthew Kettle, Jeffrey Aceto, Lieutenant Burt, Lieutenant Amaral and Investigator Cabral, all of whom are sued in their individual capacities and in their official capacities with the Rhode Island Department of Corrections ("Defendants"). Defendants move the Court to dismiss the First Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and because it fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, I recommend that the Motion to Dismiss be GRANTED.

**Background**

Plaintiff is an inmate at the ACI in Cranston, Rhode Island. His pro se First Amended Complaint, filed on August 11, 2017, alleged violations of 42 U.S.C. §1983, the Eighth and Fourteenth Amendments to the United States Constitution. In brief, Plaintiff was charged with several disciplinary infractions, received hearings and was found guilty and sentenced to periods in segregation. His claims stem from the proceedings and resulting punishment.

Following Defendants' Motion to Dismiss, Plaintiff filed several Motions seeking additional time to file an Objection as well as paper copies of certain cases. (ECF Doc. Nos. 30, 33, 34, 36). On January 19, 2018, the Court Ordered Defendants to provide Plaintiff with copies of the requested cases and Ordered Plaintiff to file his response to the Motion to Dismiss on or before February 9, 2018. Defendants promptly filed a Declaration that they complied with the Court's Order. (ECF Doc. No. 38). To date, Plaintiff has not filed an Objection to the Motion to Dismiss or otherwise responded to the Court's Order. Thus, Defendants' Motion to Dismiss is unopposed and could be granted on that basis. However, out of deference to Plaintiff's pro se status, the Court will also substantively address the arguments for dismissal made by Defendants.

**Standard of Review**

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010).

In considering a motion to dismiss a prisoner's claim that his constitutional rights have been violated, the court must be guided by the principle that, while "prison officials are to be accorded substantial deference in the way they run their prisons, this does not mean that we will rubber stamp or mechanically accept the judgments of prison administrators." Spratt v. R.I. Dep't of Corr., 482 F.3d 33, 40 (1st Cir. 2007) (citation omitted). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

**Facts**

The following facts are gleaned from Plaintiff's First Amended Complaint, and the Court assumes their veracity for purposes of the Motion to Dismiss. Defendants are correctional officers and prison administrators at the ACI, where Plaintiff is an inmate. Plaintiff was charged with a disciplinary infraction on May 10, 2015 for fighting with another inmate. (ECF Doc. No. 25-2 at p. 3.) On May 15, 2015, Plaintiff pled guilty and received a punishment of twenty-one days of solitary confinement and twenty-one days of loss of good-time credit. On May 15, 2015, Plaintiff also was charged with a disciplinary infraction for assault. Plaintiff asserts that charge also stemmed from his fight with the other inmate. On May 19, 2015, Plaintiff pled guilty to the assault charge. Id. at p. 4. Plaintiff received a punishment of eighty-nine days in punitive solitary confinement and eighty-nine days of loss of good-time credit for that infraction. Id. at p. 5.

When Plaintiff was approaching the end of his term in solitary confinement, he wrote a letter to another inmate asking the inmate to alert his family that he had nearly completed his period of solitary confinement and also asking for the inmate to get him a toothbrush. Id. Plaintiff was questioned by Investigator Cabral about the letter and claimed he only sought the toothbrush to brush his teeth after the lengthy period of time in solitary confinement with just a smaller toothbrush. On July 17, 2015, Plaintiff was charged with a disciplinary infraction for "mayhem" regarding his attempt to obtain the toothbrush. Id. at p. 6. Plaintiff pled not guilty at the disciplinary hearing and was found guilty and sentenced to eighty-nine days of punitive solitary confinement and eighty-nine days loss of good-time credit. Id. at p. 7. Plaintiff appealed that decision, and his appeal was denied. Id.

His Amended Complaint alleges a violation of the Due Process Clause and specifically claims that ACI policy violates a "permanent federal injunction." Id. at p. 12. He also claims the approximate fifteen months of time spent in punitive and administrative solitary confinement violated the Eighth Amendment's prohibition on cruel and unusual treatment because it exacerbated his preexisting mental health issues.

**Analysis**

**I. Due Process Claims**

Although he did not name the "permanent federal injunction" that he asserts was violated, Plaintiff gave the Court adequate context to conclude that he is seeking to bring a claim under the Morris Rules. The Morris Rules were set forth as a result of a consent decree entered by this Court and are "state rules and regulations that govern the conduct of classification and disciplinary proceedings at the ACI, and are to be enforced, if at all, by state machinery." Doctor v. Wall, 143 F. Supp. 2d 203, 204 (D.R.I. 2001). In 2016, this Court noted that "[i]t is well established that

complaints rooted in violations of the Morris Rules must be brought in state court." Akinrinola v. Wall, No. 16-370M, 2016 WL 6462203 at *1 (October 31, 2016). See also Cugini v. Ventetuolo, 781 F. Supp. 107, 113 (D.R.I. 1992) ("state prisoner actions alleging violations of the Morris rules or seeking enforcement of those rules properly belong in state court because the rules were promulgated under state law and were meant to be dealt with by state machinery"); Doctor, 143 F. Supp. 2d at 208 ("this court lacks subject matter jurisdiction to entertain such claims brought under the so called Morris rules."). Therefore, to the extent Plaintiff seeks injunctive or declaratory relief under the Morris Rules, this Court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1).

On the other hand, as District Judge McConnell noted in Akinrinola, a plaintiff's alleged violation of the Morris Rules may be heard in this Court if it is brought pursuant to 42 U.S.C. § 1983, as is the case here. Akinrinola, 2016 WL 6462203 at *2. Akinrinola also contained a due process claim rooted in a prisoner's contention that his punishment in segregation violated the Constitution. District Judge McConnell noted that Mr. Akinrinola failed to state a constitutional claim because he did not allege an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. quoting Sandin v. Conner, 515 U.S. 472, 484 (1995). After reviewing the pertinent cases, as well as the claims contained in the Amended Complaint, the same result should be reached here.

An inmate does not have a due process right to remain in the general population. Meachum v. Fano, 427 U.S. 215, 225 (1976). This is because "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Goddard v. Oden, C.A. No. 15-055ML, 2015 WL 1424363, at *2 (D.R.I. Mar. 27, 2015) (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)). As long as the discipline "falls within the expected perimeters of the sentence imposed by a court of

law," no liberty interest is implicated, and due process rights do not accrue. Id. In the present case, Plaintiff asserts that he was placed in segregation and then lists the "privileges" he lost as a result thereof. For example, Mr. Rodriguez stated that while he was in solitary, he was "confined to a small cell for 23¼ hours per day during the week…" that he was "not allowed to have any contact with his friends or family" and that visits, phone calls and mail was forbidden. He also asserts he was deprived of his "religious items…which would have partially allowed him to practice religion in his cell, i.e., his kufi and prayer rug and Quran." (ECF Doc. No. 25-2 at p. 9). Such allegations, however, do not rise to the level of asserting a claim of the violation of due process because they do not impose conditions that are "atypical" or a "significant hardship." Accordingly, I recommend that Defendants' Motion to Dismiss Plaintiff's Due Process Claims be GRANTED.

## II. Eighth Amendment Claims

Plaintiff's second claim is for a violation of the Eighth Amendment. He asserts that he has received mental health counseling since he was a teenager and for the "approximately 6½ years of the Plaintiff's current incarceration, he has continued to receive [on and off] mental health treatment." (ECF Doc. No. 25-2 at p. 13). He claims that his period in segregation caused his mental health issues to worsen. These allegations simply do not give rise to an Eighth Amendment claim. Magistrate Judge Sullivan addressed this issue directly in 2015, "to implicate the Eighth Amendment, prison conditions must be inhumane and officials must be deliberately indifferent to the inhumane conditions. Disciplinary segregation, even for periods as long as twenty-six months, does not constitute cruel and unusual punishment." Harris v. Perry, No. CA 15-222-ML, 2015 WL 4879042, at *5 (D.R.I. July 15, 2015) (citations omitted). Plaintiff's Amended Complaint does not contain allegations sufficient to state an Eighth Amendment claim. Accordingly, the

Court recommends that the Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claims be GRANTED.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Unopposed Motion to Dismiss Plaintiff's First Amended Complaint (ECF Doc. No. 29) be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 26, 2018